# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

US METHANOL, LLC,

          Plaintiff,

v.                                            CIVIL ACTION NO. 2:19-cv-00219

CDI CORPORATION, et al.,

          Defendants.

# ORDER

This action arises from the alleged failure of Defendants CDI Corporation ("CDI") and Randall Chase to properly design the foundation of a methanol plant that Plaintiff US Methanol, LLC ("US Methanol") was constructing. (ECF No. 1-2 at 5–14.) CDI served a set of discovery requests upon US Methanol on September 13, 2019. (ECF No. 33; *see* ECF No. 54-1.) Before this Court is CDI's motion to compel US Methanol to fully respond to several of those requests. (ECF No. 54.)

1. *Interrogatory No. 2*

This interrogatory requests that US Methanol identify individuals with knowledge about the complaint's allegations "and provide a detailed summary of the knowledge that each individual is thought to possess." (ECF No. 54-1 at 5.) US Methanol responded to the request by identifying the 129 individuals it listed in its initial disclosures and stating that each "has general knowledge of the alleged events." (*Id.* at 5–46.) CDI argues that this response is "plainly inadequate" and asserts that it is entitled to the information requested. (ECF No. 54 at 4–5.)

US Methanol responds by agreeing to supplement its response to Interrogatory No. 2. (ECF No. 56 at 1–2.) Still, CDI insists that US Methanol's offer to supplement its response is insufficient and demands a court order directing US Methanol to supplement its response "by a date certain." (ECF No. 57 at 3.)

"The purpose of the 'meet and confer' requirement [within this Court's Local Rule of Civil Procedure 37.1(b)] is to facilitate a resolution of discovery differences before parties resort to court intervention." *Carpenter v. Res-Care Health Servs., Inc.*, No. 3:12-cv-08047, 2013 WL 17650464, at *4 (S.D.W. Va. Apr. 23, 2013). The requirement further serves to "narrow[] areas of disagreement prior to filing a motion to compel." *Jackson v. United States*, No. 3:14-cv-15086, 2015 WL 5290414, at *1 (S.D.W. Va. Sept. 8, 2015). It appears to the undersigned that if the parties had conferred "in person or by telephone," as Rule 37.1(b) requires,[1] rather than by letter (*see* ECF No. 54 at 3), the parties' dispute with respect to Interrogatory No. 2 could have been resolved without this Court's involvement.

Nonetheless, in the event that US Methanol has not yet supplemented its response to Interrogatory No. 2, as it represented that it would do, US Methanol is **ORDERED** to do so within fourteen (14) days of the date of this Order.

2. *Interrogatories Nos. 8 & 9*

Interrogatory No. 8 requests certain information about "the nature and circumstances of the Project made the subject of the Complaint, including . . . the scope and purpose of the Project, the cost of the Project, the anticipated revenue and profit of the Project, the construction plans for the Project, the timeline for completing the Project,

---

[1] "While it is mandatory for parties to meet and confer in person or by telephone prior to filing a motion to compel, the Federal Rules of Civil Procedure and the Local Rules do not provide that failure to meet and confer automatically results in denial of the motion." *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 526 (S.D.W. Va. 2007).

and any circumstance that has contributed to a delay in the anticipated operational date of the Project." (ECF No. 54-1 at 57.) As relevant here, US Methanol responded to the Interrogatory No. 8 by giving a "[c]urrent completion date" of October 2019 and including a summary of the Project's budget. (*Id.* at 57–58.)

Interrogatory No. 9 requests information about "the circumstances surrounding [US Methanol's] ordering of a new compressor for the Project," including "the reason that a new compressor had to be ordered, when the compressor was received or is anticipated to be received, when the compressor was installed or is anticipated to be installed, how other portions of the Project were or have been affected, and how ordering the compressor affected the operational date of the Project." (*Id.* at 58–59.) As relevant here, US Methanol responded, "The new compressor is scheduled to be delivered by January 2020." (*Id.* at 59.)

CDI suggests that the Project could not possibly have been completed by October 2019 if the new compressor would not be delivered until January 2020. (ECF No. 54 at 6–7.) It argues that any effect the new compressor would have on the Project's completion date is "relevant to the question of whether the alleged failures of [Defendant Randall] Chase proximately caused US Methanol's damages or, alternatively, whether US Methanol has encountered other, unrelated problems (*i.e.*, the need for a compressor or other events that have delayed construction and production) that have proximately caused US Methanol's alleged damages." (*Id.* at 6.)

US Methanol responds that it "indicated in its response to CDI's Meet and Confer letter that it would supplement its answer regarding the timeline for completion of the project." (ECF No. 56 at 2.) US Methanol also offered to provide information gleaned

3

from "any type of construction scheduling analysis" if it were to conduct such an analysis. (*Id.*)

CDI again asks this Court to formally order US Methanol to provide the responses it agreed to supplement. (ECF No. 57 at 4.) CDI further replies that US Methanol should provide budget information for the compressor and that its response to Interrogatory No. 9 failed to address the entirety of the request. (*Id.* at 4–5.)

US Methanol does not appear to challenge CDI's assertion that the information sought via Interrogatories Nos. 8 & 9 is relevant and thus discoverable in this action. (*See* ECF No. 56 at 2.) "When a motion to compel is filed, the party opposing the motion bears the burden of showing why it should not be granted." *Tucker v. Momentive Performance Materials USA, Inc.*, No. 2:13-cv-04480, 2016 WL 8252929, at *2 (S.D.W. Va. Nov. 23, 2016). As such, US Methanol is **ORDERED** to respond to Interrogatories Nos. 8 & 9 as requested by CDI. Specifically, US Methanol is **ORDERED** to provide budget information for the compressor in response to Interrogatory No. 8 and to separately respond to each item in Interrogatory No. 9, to the extent such information is known or reasonably ascertainable, within fourteen (14) days of the date of this Order. US Methanol is further **ORDERED** to provide the timeline information it previously agreed to supplement within fourteen (14) days of the date of this Order.

3. *Requests for Production Nos. 1, 3–4, 6–9, 11–26, & 28–29*

In response to each of these requests, US Methanol stated, "to the extent that US Methanol has in its possession any Documents responsible to this request, US Methanol will produce Documents in response to this request." (ECF No. 54-1 at 80–91.) CDI argues that even though US Methanol produced some documents, its response to these requests "attempts to shift the burden to CDI to figure out whether documents have been

4

produced . . . and, if so, which documents are responsive to which requests." (ECF No. 54 at 7.) US Methanol responds that it produced many of the documents in searchable format, allowing them to be "easily uploaded to any e-discovery database so that database specific searches can be conducted to find content responsive to any specific interrogatory or document production request." (ECF No. 56 at 2.) Nonetheless, it agreed to "supplementally provide the bates ranges for documents it believes are responsive to specific document production requests." (*Id.*)

As with Interrogatory No. 2, it appears to the undersigned that had the parties complied with the meet-and-confer requirement in Rule 37.1(b), their dispute with respect to these requests for production could have been resolved without court intervention. Still, CDI requests an order directing US Methanol "to timely supplement its responses to indicate which documents are responsive to which requests" because US Methanol "still appears to imply that CDI should bear the burden of figuring out whether documents responsive to these various requests have been produced." (ECF No. 57 at 5–6.) To the extent US Methanol has not already indicated whether documents are responsive to each of these requests and specified, for each request, the *Bates* numbers of the responsive documents, it is **ORDERED** to do so within fourteen (14) days from the date of this Order.

  4. *Request for Production No. 2*

Request for Production No. 2 asks US Methanol to "produce all communications, reports, statements, recordings, memoranda, or testimony, whether signed or not, by any witnesses or purported witnesses or persons believed or understood . . . to have knowledge of the Project and the matters made the subject of [US Methanol's] Complaint, the subsequent investigation or related facts, and whether prepared by someone other than

the said person or witness or not." (ECF No. 54-1 at 81.)  US Methanol responded, "There are none at this time." (*Id.*)

CDI argues that US Methanol's response "could not be true, since there must be communications . . . related to the Project or the alleged wrongdoing by [Defendant Randall] Chase." (ECF No. 54 at 10.) However, US Methanol states, "Fairly read, [Request for Production No. 2] asks for documents related to witness interviews." (ECF No. 56 at 3–4.) CDI asserts that the request "certainly encompasses recorded statements" but is significantly broader and expands to "witness statements, emails among witnesses . . . letters written by or received by witnesses, notes taken by witnesses or received by witnesses, or any reports authored by witnesses that are in any way related to [this action]." (ECF No. 54 at 10; ECF No. 57 at 7.)

Again, the undersigned believes that if the parties had conferred in person or by telephone, they could have clarified the scope of this request and reached an agreement as to the documents to be produced. The undersigned agrees with US Methanol that a fair reading of Request for Production No. 2 implies that it seeks witness statements. (*See* ECF No. 54-1 at 81.) But CDI has made clear that its request is intended to encompass even letters and emails written "by any witnesses or purported witnesses or persons believed or understood . . . to have knowledge of [this action]," and the request is indeed broad enough to encompass such "communications." (*Id.*; *see* ECF No. 57 at 7.) CDI informed US Methanol of this fact through its "meet-and-confer" letter. (ECF No. 54 at 10.) Notably, US Methanol does not argue that the request encompasses information that is not relevant or otherwise falls outside the scope of permissible discovery. (*See* ECF No. 56 at 2–3.) As "the party opposing the motion [to compel]," US Methanol "bears the burden of showing why it should not be granted." *Tucker*, 2016

6

WL 8252929, at *2. It has not satisfied that burden with respect to Request for Production No. 2. As such, US Methanol is **ORDERED** to respond to Request for Production No. 2, as it is interpreted by CDI, within fourteen (14) days of the date of this Order, unless a later time is agreed upon by the parties.

In sum, CDI's motion to compel (ECF No. 54) is **GRANTED**. US Methanol is **ORDERED** to supplement its responses to the requests at issue as set forth herein.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 30, 2020

Dwane L. Tinsley
United States Magistrate Judge